IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | |
|---|---|
| Gyro-Trac Corporation, ) | Civil Action No. 2:21-2137-RMG |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | **ORDER AND OPINION** |
| King Kong Tools, LLC, ) | |
| ) | |
| Defendant. ) | |
| _____ ) | |

This matter came before the Court on Plaintiff's motion for confidentiality order. (Dkt. No. 40). Defendant filed a response (Dkt. Nos. 41;44) and Plaintiff filed a reply. (Dkt. No. 45). The parties each submitted proposed confidentiality orders that are modified versions of the Court's standard confidentiality order. (Dkt. Nos. 40-1; 44-2). On March 16, 2022, the Court held a teleconference hearing on the matter with all counsel of record present on the call. For the reasons stated below, the Court denies Plaintiff's motion and adopts Defendant's proposed confidentiality order. (Dkt. No. 44-1).

This is a patent infringement case where Plaintiff alleges Defendant began to make, sell, and distribute cutter-teeth that incorporate Plaintiff's patented designs without permission or compensation from Plaintiff. Plaintiff alleges it competes for sales with Defendant. (Dkt. No. 21 at ¶¶ 10-11, 51). The parties agree a Confidentiality Order is required in this action because discovery in this matter will involve documents that contain sensitive information. (Dkt. No.40 at 2; Dkt. No. 41 at 1). After discussing draft orders, the parties agreed on several proposed modifications to the Court's standard confidentiality order. (Dkt. No. 40-1 at Section 3 p. 2-3); Dkt. No. 44-2 Section 3 p. 3-4). The parties added an additional level of confidentiality for certain documents adding a heightened designation of "Confidential-Attorneys' Eyes Only" level. (*Id*).

1

The primary issue dividing the parties is whether Plaintiff's in-house counsel, Jennifer Queen, should be permitted to view documents designated as "Confidential-Attorneys' Eyes Only." Plaintiff's position is that in-house counsel should be permitted to view "Confidential-Attorneys' Eyes Only" documents. (Dkt. Nos. 40;45). Defendant's position is that only Plaintiff's outside counsel should be permitted to view "Confidential-Attorneys' Eyes Only" documents. Defendant's response brief argues that Ms. Queen is a "competitive decisionmaker" pursuant to Federal Circuit law, which precludes Ms. Queen from access to Defendants' confidential and proprietary business information. (Dkt. No. 41 at 1-4) (citing *U.S. Steel Corp. v. United States*, 730 F.2d 1465, 1468 n.3 (Fed. Cir. 1984). Defendant represents that defense counsel asked Ms. Queen questions regarding her roles at Gyro-Trac and Ms. Queen's answers reveal she wears two hats at Gyro-Trac. She is Gyro-Trac's in-house counsel and also serves in a business role as one of five members of Gyro-Trac's leadership counsel, works on business operations such as finding alternative shipping quotes, and has a high-level understanding of sales, research and development, and marketing. (Dkt. No. 41 at 3-4).

Plaintiff's reply brief does not substantively address the competitive decisionmaker argument. Plaintiff argues that the competitive decisionmaker issue is hypothetical because Defendant has not fully responded to Plaintiff's discovery requests and claims it is withholding production until the confidentiality order issues have been resolved. Plaintiff argues that Defendant has not identified any documents that would fall into the "Confidential-Attorneys' Eyes Only" designation that in-house counsel would be shielded from viewing. (Dkt. No. 45 at 3-5).

At the hearing and after consideration of the parties' arguments and briefs, the Court gave Plaintiff's counsel the option to file a response brief to address Defendant's argument that Ms. Queen is a competitive decisionmaker, so the Court would have the opportunity to rule on the issue

based on a full record. The Court stated that if it were to find Ms. Queen is a competitive decisionmaker it would be inclined to enter a Confidentiality Order with a "Confidential-Attorneys' Eyes Only" designation that does not allow Plaintiff's in-house counsel access to those sensitive documents. The Court clarified that Plaintiff's outside counsel may file a motion with the Court if, upon a review of Defendant's discovery responses, Plaintiff's counsel believes there is a sensitive document that in-house counsel should have access to, or if Plaintiff's counsel believes Defendant is abusing the process. Plaintiff's counsel conceded to the entry of Defendant's proposed confidentiality order without completing additional briefing on the "confidential decisionmaker" issue.

For the reasons stated above, the Court **DENIES** Plaintiff's motion for confidentiality order. (Dkt. No. 40). After a review of Defendant's discovery responses, Plaintiff's counsel is not precluded from filing a motion with the Court regarding a document designated "Confidential-Attorneys' Eyes Only" that Plaintiff's counsel believes in-house counsel should have access to, or if Plaintiff's counsel believes Defendant is abusing the process. The Court instructs the Clerk of Court to enter Defendant's proposed confidentiality order. (Dkt. No. 44-1).

**AND IT IS SO ORDERED**.

s/ Richard M. Gergel
Richard M. Gergel
United States District Judge

March 17, 2022
Charleston, South Carolina